*262
 
 Pbauson, J.
 

 The question depends upon the legal effect of what was done by the magistrate, and involves the construction of the statute, Rev. Stat. ch. 62, sec. 15. We think the matter was left unfinished, and was not carried out, so as to have the effect of vacating and making void the first judgment. We lay no stress-on the fact, that it does not appear that the defendant was sworn, or gave the-security required. The magistrate misconceived the power conferred on him by the statute. He had no power, upon the
 
 ex parte
 
 application of the defendant, to vacate the judgment. He had power only to issue certain process; the result of which would be, if carried out, a reconsideration or “new trial.” If that took place, the first judgment was, of course, vacated. If it.did not, then the first judgment remained in full force. Accordingly, the Statute directs the magistrate to issue an order to the party or officer who has the papers in possession, to forbear all further proceedings, and immediately to bring all the persons before him, or. some other jústice of the peace, for “ reconsideration.” It further directs him to issue his summons to some proper officer to cause the parties, with their witnesses, .to appear before him, or some other justice of the peace, within thirty days, when “ the matter shall undergo a fair investigation.” It is this “ fair investigation,” “ reconsideration,” or “ new trial,” which vacates the first judgment; and of course, if it never takes place, the judgment stands in full force. ■ The magistrate is directed, without enquiry into the merits of the case, to issue process, for the purpose of having the parties together. If the party, who applies for the processor one, whom he chooses to depend on, as his agent, neglects to have it served, and, in consequence thereof, no “reconsideration” or “new trial,” takes place; it is his misfortune. In consequence of his being absent at the trial, if it is sufficiently accounted for, an opportunity is given him to have a new trial, provided he uses the-means .necessary for, that purpose. This meets the .necessity'' of the'.'cdse.
 
 *263
 
 The construction, contended for by the defendant, goes beyond it, and would lead to injustice; for, if the application or order for process had the effect of vacating the judgment, that end being effected, most defendants would not take the trouble to proceed any further; so the plaintiff would be left to find out by accident, that their judgments were void, and to get new judgments in the best way they could.
 

 This strange view of the Statute, no doubt, was. suggested by a supposed analogy between a new trial before a .single justice, and a new trial in Court. But there is a very great difference. In the .one, the matter is “
 
 in fieri”
 
 and the parties are “ in Court,” until the end of the term; so that, if a new trial be’granted, the parties are.
 
 ipso facto
 
 put in
 
 “statu
 
 quoNot so in the other. As soon as the justice gives his judgment, he is
 
 functus officio,
 
 and the parties are “ out of his Court;” so that, nothing can be done to affect the judgment, until the parties are brought into “his Court” again by a new process. There is a greater analogy to the writ of error. There, the parties being “ out of Court,” the judgment is merely1 suspended, until the proceedings are “ carried out” and finished by a new judgment.
 

 The judgment below must be reversed; and a judgment for the plaintiff.
 

 Phr Curiam. Judgment accordingly.